UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUNTA TOLBERT, #563579,

        Petitioner,

v.                                          CASE NO. 2:16-CV-11660
                                                HONORABLE VICTORIA A. ROBERTS

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. INTRODUCTION

Michigan prisoner Kunta Tolbert ("Petitioner") has filed a pro se Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 alleging that he is being held in custody in violation of his constitutional rights. Petitioner was convicted of two counts of assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He was sentenced, as a fourth habitual offender, to concurrent terms of 25 to 40 years imprisonment on the assault convictions, a concurrent term of two to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2010. In his pleadings, he raises claims concerning perjury by the police, invalid warrant/illegal arrest and actual innocence, the jury instructions, the conduct of the prosecutor, the conduct of the police, fraud upon the court, and the effectiveness of trial and appellate counsel.

The matter is before the Court on Respondent's Motion for Dismissal asserting that the

Petition is untimely under the one-year statute of limitations applicable to federal habeas actions. Having reviewed the matter, the Court concludes that the Petition is untimely and must be dismissed for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also concludes that a Certificate of Appealability and leave to proceed in forma pauperis on appeal should be denied.

## II.  FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from a shooting incident involving two police officers responding to a carjacking near the Platinum Plus Lounge in Detroit, Michigan during early morning hours, October 2, 2008. The police officers testified at trial and identified Petitioner as the man who shot at them.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning perjury by the police and the jury instructions. The court denied relief on those claims and affirmed his convictions. *People v. Tolbert*, No. 298159, 2011 WL 6186840 (Mich. Ct. App. Dec. 13, 2011) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Tolbert*, 491 Mich. 938, 815 N.W.2d 128 (June 20, 2012).

On July 19, 2013, Petitioner filed a motion for relief from judgment with the state trial court raising claims concerning the need for an evidentiary hearing, the jury instructions, perjury, the effectiveness of trial and appellate counsel, the conduct of the prosecutor, the verdict being against the great weight of the evidence, and cumulative error. The court denied the motion; it found the claims previously raised on appeal were barred, that the remaining claims lacked merit, and that Petitioner failed to establish good cause and actual prejudice under Michigan Court Rule 6.508(D)(3) for not raising those claims on direct appeal. *People v. Tolbert*, No. 08-014671-01

(Wayne Co. Cir. Ct. Dec. 4, 2013). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which dismissed it as untimely under Michigan Court Rule 7.205(G)(3). *People v. Tolbert*, No. 3224236 (Mich. Ct. App. Dec. 4, 2014). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court; it was denied. *People v. Tolbert*, 498 Mich. 905, 870 N.W.2d 895 (Oct. 28, 2015).

On November 12, 2014, Petitioner submitted a second motion for relief from judgment with the state trial court raising claims concerning perjury by the police, fraud upon the court, and invalid warrant/illegal arrest. In support of this claim, he presented "newly-discovered" evidence of an affidavit from carjacking victim, Constance Hill, who stated that she did not see anyone shoot at the police, did not know who shot, did not tell the police that she had, and did not know how her name got on Petitioner's warrant. Citing Michigan Court Rule 6.502, the trial court found that Hill's affidavit was not "newly-discovered" since her name was on the witness list. The Court summarily denied the successive motion pursuant to Michigan Court Rule 6.504(B)(2). *People v. Tolbert*, No. 08-014671-01-FC (Wayne Co. Cir. Ct. Jan. 30, 2015). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed because no appeal can be taken from the denial or rejection of a successive motion for relief from judgment under Michigan Court Rule 6.502(G)(1). *People v. Tolbert*, No. 328014 (Mich. Ct. App. Sept. 8, 2015). Petitioner attempted to file an application for leave to appeal with the Michigan Supreme Court; it was rejected as untimely on December 4, 2015. *See* Affidavit by Court Clerk Larry Royster.

Petitioner signed his federal habeas pleadings on May 4, 2016, and Respondent filed this motion on November 15, 2016. Petitioner has not replied.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his Petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on June 20, 2012. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about September 18, 2012. Accordingly,

Petitioner was required to seek federal habeas relief by September 18, 2013, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his first motion for relief from judgment with the state trial court on July 19, 2013.[1] At that point, 304 days of the one-year period had run. The one-year period was then tolled while Petitioner's motion and related appeals were pending in the state courts until October 28, 2015 when the Michigan Supreme Court denied leave to appeal. Petitioner then had 62 days of the one-year period remaining in which to seek federal habeas relief. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner was thus required to file his petition by December 29, 2015. He did not sign his Petition until May 4, 2016 – well after the one-year period expired.

The Court notes that Petitioner's second motion for relief from judgment and related appeal attempts did not further toll the one-year period. An application for state post-conviction relief must be "properly filed" in order to trigger the tolling provisions of 28 U.S.C. § 2244(d)(2). Under Michigan Court Rule 6.502(G), a criminal defendant in Michigan can typically only file one motion for relief from judgment concerning a conviction. The rule allows for the filing of a second or subsequent motion only based upon a retroactive change in the law that occurred after the first motion was filed or a claim of new evidence that was not discovered before the first motion. Mich. Ct. R. 6.502(G).

Petitioner's second motion for relief from judgment was denied by the trial court pursuant to Michigan Court Rule 6.502 on the ground that it was a successive motion for relief from judgment

---

[1] Petitioner's motion was stamped as received by the court on July 19, 2013, but was not docketed until July 23, 2013.

5

and Petitioner had not shown that he had newly-discovered evidence so as to fall within one of the exceptions to the rule. Because Petitioner's second motion for relief from judgment was denied by the trial court as successive, it was not properly filed and did not serve to toll the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), and ruling that a Michigan prisoner's second motion for relief from judgment which was denied pursuant to Michigan Court Rule 6.502(G) was not "properly filed" and did not toll the one-year limitations period, and affirming dismissal of habeas petition). Petitioner's subsequent attempts to appeal the trial court's decision were also not properly filed under Michigan law, *see* Mich. Ct. R. 6.502(G)(1) (prohibiting the appeal of the denial or rejection of a successive motion for relief from judgment), and did not serve to toll the one-year period. *Bey v. Capello*, 525 F. App'x 405, 409 (6th Cir. 2013).

Furthermore, even assuming that Petitioner's second motion for relief from judgment and related appeal attempts tolled the one-year period, the petition is still untimely. Under this alternate scenario, and giving Petitioner the benefit of tolling until the Michigan Supreme Court rejected his filing on December 4, 2015, Petitioner was required to filed his petition by February 4, 2016. He did not sign his Petition until May 4, 2016 – well after the one-year period expired.

Petitioner does not contend that the State created an impediment to the filing of his habeas action or that his habeas claims are based upon newly-created retroactively applicable rights which would warrant habeas relief. Rather, he asserts that some of his habeas claims, arising from Constance Hill's affidavit (dated August 12, 2014), are based upon newly-discovered facts.

The Court notes that Petitioner's habeas claims which do not arise from Hill's affidavit are not based upon "newly-discovered" evidence. Those claims were available to Petitioner at the time of his trial, direct appeal, and/or during the one-year limitations period. Thus, as to those claims,

6

the one-year period expired well before Petitioner instituted this action. *See Ege v. Yukins*, 485 F.3d 364, 373-74 (6th Cir. 2007) (Section 2244(d)(1)(D) delayed start of due process claim based upon new evidence, but did not delay start of the limitations period for ineffective assistance of counsel claim which was not based upon new factual predicate); *DiCenzi v. Rose*, 452 F.3d 465, 469-70 (6th Cir. 2006) (ruling that limitations period on delayed appeal claim began on different date than sentencing claims); *see also Pace*, 544 U.S. at 416, n. 6 (noting that § 2244(d)(1)(A) provides for calculating the limitations period for the "application" as a whole and §§ 2244(d)(1)(B), (C), (D), require claim-by-claim review). Furthermore, as discussed *infra*, Petitioner fails to demonstrate that he is entitled to equitable tolling of the one-year period. The habeas claims not based upon Hill's affidavit are thus untimely and must be dismissed.

With regard to any claims based upon the Constance Hill's affidavit, the alleged newly-discovered evidence under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). The period begins when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *Brooks*, 307 F. Supp. 2d at 905-06. Moreover, the start of the limitations period "does not await the collection of evidence which supports the facts." *Id*. at 906. A habeas petitioner bears the burden of showing that he exercised due diligence in discovering the factual predicate for his claims. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).

Constance Hill's affidavit does not constitute newly-discovered evidence. Petitioner was aware of Hill's existence and potential to serve as a witness at the time of trial and direct appeals,

given that she was cited on the warrant and was apparently on the witness list (although she did not testify at trial). Petitioner could have discovered the factual basis for the habeas claims which are based upon her affidavit well before the one-year limitations period expired. The habeas claims based upon Hill's affidavit are untimely and subject to dismissal under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the habeas statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has also stated that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace*, 544 U.S. at 418); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden to demonstrate he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. That Petitioner is untrained in the law, may have been proceeding without a lawyer for a period of time, may have been mistaken about court filing requirements, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse for

8

failure to follow established legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner's contention that his habeas claims have merit also does not justify tolling the limitations period. *Holloway*, 166 F. Supp. 2d at 1191. Petitioner fails to establish that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit hold that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway*, 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Significantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner asserts that he is actually innocent based upon Constance Hill's affidavit. Hill's affidavit, however, does not establish Petitioner's actual innocence. Hill merely states that she did not see anyone shoot in the direction of the police. She does not state that no shots were fired or that Petitioner was not present at the scene. In fact, she admits that she does not know who did the shooting. While Hill's affidavit conflicts with the police testimony to some degree, it does not

9

exonerate Petitioner. Hill's affidavit is also not particularly reliable given that it was signed six years after the crime and four years after trial. New statements from witnesses years after the crime are inherently suspect, *see Schlup*, 513 U.S. at 331, and such statements are viewed with "a fair degree of skepticism." *Herrera v. Collins*, 506 U.S. 390, 423 (1993) (O'Connor, J., concurring); *McCray v. Vasbinder*, 499 F.3d 568, 574 (6th Cir. 2007) (citing *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001)); *see also McQuiggan*, 133 S. Ct. at 1928 (stating that a court should consider "unjustifiable delay on a habeas petitioner's part ... as a factor in determining whether actual innocence has been reliably shown"). Hill's affidavit does not demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted Petitioner.

Finally, the Court notes that Petitioner's challenges to the evidence presented at trial and his own self-serving, conclusory assertions of innocence are insufficient to support his actual innocence claim. "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray*, 499 F.3d at 573 (citing cases). Petitioner is not entitled to equitable tolling of the one-year period. His Petition is untimely and must be dismissed.

## IV. CONCLUSION

The Court concludes that Petitioner did not file his Petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he is not entitled to statutory or equitable tolling, and that the statute of limitations precludes review of his habeas claims. Accordingly, the Court **GRANTS** Respondent's Motion for Dismissal and **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus.

Before Petitioner may appeal the Court's decision, a Certificate of Appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A Certificate of Appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Jurists of reason would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a Certificate of Appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

    **IT IS SO ORDERED**.


                                                 S/Victoria A. Roberts
                                                 VICTORIA A. ROBERTS
                                                 UNITED STATES DISTRICT JUDGE

Dated: February 16, 2017